PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE KINCADE, | ) | |
| | ) | CASE NO.  4:14cv0322 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| LIVI STEEL, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 1 & 2] |

Before the Court is *pro se* Plaintiff Mike Kincade's *in forma pauperis* Complaint filed

against Defendant Livi Steel. (ECF No. 1.)  Plaintiff, who was employed by Livi Steel for over

six months, claims he was wrongfully terminated.  Neither the Complaint nor the Civil Cover

Sheet filed with this action disclose what relief he is seeking from the Court.

### I. Background

Plaintiff had been employed by Livi Steel for over 6 months when he was laid off in

August 2012.  He complains that a co-worker, who was hired one month after him, was retained

by Livi Steel even though he weighed "100 lbs more than me [and was] 20 yrs younger." (ECF

No. 1.)  Plaintiff further describes the employee as "Mike Livi's drinking buddy." *Id*.  Based on

these facts, Plaintiff states "that's 1) thing for discrimination which is what the lady said I could

do at E.E.O.C." *Id*.  He concludes the Complaint by alleging that he was wrongfully terminated

(4:14cv0322)

and applied "3 times for unemployment in my favor." *Id*.

Plaintiff attaches a copy of a Decision issued by Hearing Officer Jeffery Schaffner wherein the Officer declined to relitigate an "Application for Determination of Benefit Rights" that Plaintiff filed on September 23, 2013.  The Decision indicates "claimant was separated from this employer on July 15, 2013. That separation has been ruled upon in a previous benefit year." (ECF No. 1-2 at 4.)

Also enclosed with the Complaint, are duplicate copies of a "Director's Redetermination," issued by the Ohio Department of Job and Family Services (ODJFS), Office of Unemployment Compensation on November 15, 2013.  The redetermination appears to be a response to Livi Steel's appeal of the ODJFS's October 9, 2013 decision to allow Plaintiff's application for unemployment compensation benefits for one year, beginning September 22, 2013.  The redetermination affirmed the ODJFS's decision and indicated Plaintiff was employed during "the base period, 4/1/12 to 3/31/13, [which] met the weeks and wages eligibility requirement." (ECF No. 1-2 at 3.)

The Equal Employment Opportunity Commission (E.E.O.C.) issued a Notice of Right to Sue to Plaintiff on November 15, 2013, which he attaches.   The Commission closed Plaintiff's case after finding: "The facts alleged in the charge fail to state a claim under any of the statutes enforced by the E.E.O.C."  (ECF No. 1-2 at 5.)

## II. Standard of Review

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

2

(4:14cv0322)

required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S.

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*,

99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant

to section 1915(e).

### III. Failure to State a Claim

A cause of action fails to state a claim upon which relief may be granted when it lacks

plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564(2007).  A pleading

must contain a short and plain statement of the claim showing that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The factual allegations in the pleading must be sufficient

to raise the right to relief above the speculative level on the assumption that all the allegations in

the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include

detailed factual allegations, but must provide more than an unadorned,the-defendant-unlawfully-

harmed-me accusation. *Iqbal*, 556 U.S. at 677.  A pleading that offers legal conclusions or a

simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Plaintiff's Complaint has failed to meet the requisite standard.

---

[1]A claim may be dismissed sua sponte, without prior notice to the plaintiff and without
service of process on the defendant, if the court explicitly states that it is invoking section
1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set
forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th  Cir. 1997); *Spruytte v.
Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v.
Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir.
1985).

(4:14cv0322)

## IV.  Discrimination

Plaintiff states he was discriminated against and wrongfully discharged from Livi Steel. Although he has not asserted a basis for this Court's jurisdiction, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, prohibits employers from discriminating against employees because they fall within a protected class.  Nowhere in his Complaint, however, does the Plaintiff state that he falls within any protected class that prompted his employer to treat him less favorably because of this status.  While he alleges he was advised he has the 'number one thing for discrimination,' that is not sufficient to state a federal claim for relief.   District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id*.

4

(4:14cv0322)

## V.  Conclusion

Based on the foregoing, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED and the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 February 25, 2014                 */s/ Benita Y. Pearson*            
Date                                 Benita Y. Pearson
                                     United States District Judge

---

[2]28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."